**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JULIA KEES,                          *
                                     *
              Plaintiff,             *
v.                                   *
                                     *        No. 4:15-cv-00564-JJV
CAROLYN W. COLVIN, Acting            *
Commissioner, Social Security        *
Administration,                      *
                                     *
              Defendant.             *

**MEMORANDUM AND ORDER**

Plaintiff, Julia Kees, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that

has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A); 1382c(3)(A)(B).  After careful review of the record, I find the ALJ's decision is supported by substantial evidence.

Plaintiff was 41 years old at the time of the administrative hearing.  (Tr. 38) She went to the eleventh grade in school but later earned a GED and attended college to study nursing.  (Tr. 38-39) She has previous employment as a tubing bender, hair stylist, certified nurse assistant, and salesperson.  (Tr. 25)

Her application for benefits was denied by the Administrative Law Judge (ALJ) on January 2, 2015. (Tr. 16-27)  Her appeal of the ALJ's decision was denied by the Appeals Counsel on July 6, 2015, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-3.)

The ALJ determined that Ms. Kees suffers from severe impairments in the form of bipolar disorder, anxiety disorder, and borderline personality disorder.  (Tr. 19)  The ALJ determined that these impairments did not meet or equal the severity of an impairment found in the Appendix 1 Listing of Impairments.  (*Id.*)  The ALJ further determined that Ms. Kees had the residual functional capacity to perform a full range of work at all exertional levels. (Tr. 35.)  The ALJ limited Ms. Kees to performing work activity where interpersonal contact was incidental to work performed; the complexity of the tasks are learned and performed by rote, requiring few variables and little judgement; and supervision was simple, direct, and concrete. (Tr. 21) The vocational expert testified that such jobs existed in significant numbers in the national economy.  (Tr. 83-86)  Consequently, the ALJ determined that Ms. Kees was not disabled.  (Tr. 27)

Ms. Kees seeks judicial review claiming that the ALJ's decision is not supported by substantial evidence. (Doc. No. 10.)  Ms. Kees specifically argues that the ALJ did not give enough weight to her Global Assessment of Functioning (GAF) scores, failed to properly assess her

credibility, and erred in concluding her post traumatic stress disorder was not "severe." (Doc. No. 12 at 8-16) She also believes the Commissioner erred in not remanding her case based on additional evidence submitted to the Appeals Council. (*Id.* at 11-13) I have carefully considered her argument and I find this case to be a close call. Nevertheless, I find no basis to overturn the ALJ's decision.

In determining eligibility for Social Security Disability Benefits, GAF scores carry little weight. The GAF scale is tool used by mental health professional to determine proper treatment options. They are not used to determine a petitioner's mental disability under the Act, though they can be taken into account with other evidence in a petitioner's medical records to determine the level of severity of mental disability. *Halverson v. Astrue*, 600 F.3d 922, 930-931 (8th Cir. 2010.)

Plaintiff's GAF scores do not overcome the overwhelming issue in this case - Ms. Kees fails to follow her doctors' instructions with taking her medication. Plaintiff undoubtedly has limitations. I am sympathetic to her claims and the fact that she has serious mental impairments. However, the ALJ properly concluded that Plaintiff's noncompliance with her medication was a significant factor in denying her benefits. The record is replete with instances where Plaintiff was not properly taking her prescribed medications. Most, if not all, of her crises are because she failed to properly medicate. And her doctors appear to routinely place taking her medication as prescribed as the first and foremost goal of her treatment. (*e.g.* Tr. 336-354) Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

I do not make this determination lightly as I am aware that it is possible Plaintiff's mental illness contributes to her non-compliance in taking her medication. But the record reveals Ms. Kees is able to understand that she has a mental illness and needs medication.

I also find that the ALJ's credibility analysis was proper. He made specific findings

explaining that conclusion.  *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992).  This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling pain.  *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

Plaintiff has advanced other arguments that I find are without merit.  It is not the task of this court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 23rd day of June, 2016.

_____

JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE